NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted March 22, 2013[*]
Decided March 25, 2013

**Before**

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2615

| | |
|---|---|
| LAMONTE DIXON, JR., | Appeal from the United States District |
|    *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| | |
|    *v.* | |
| | No. 12 C 3006 |
| DR. TOLLEY, | |
|    *Defendant-Appellee.* | Blanche M. Manning, *Judge.* |

**O R D E R**

Illinois inmate Lamonte Dixon challenges the dismissal of his complaint under 42 U.S.C. § 1983, alleging that the Mental Health Administrator at Stateville Correctional Center placed him in disciplinary segregation in retaliation for a grievance he filed against

---

[*] The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

her. The district court dismissed Dixon's complaint as barred by *Edwards v. Balisok*, 520 U.S. 641 (1997). Because *Edwards* does not bar him from litigating his retaliation claim under § 1983, we reverse the dismissal and remand for further proceedings.

Dixon's complaint describes a sequence of incidents that resulted in him being disciplined while at Stateville (he has since been moved to Pontiac Correctional Facility). The first occurred after the prison's mental health administrator (identified only as Dr. Tolley) received through the institutional mail an envelope bearing Dixon's name—the envelope was filled with feces. Tolley wrote a disciplinary report against Dixon, charging him with "Assaulting Any Person - Staff," "Damage Or Misuse of Property," "Intimidation Or Threats," and "Insolence." A review board found him guilty of the misuse-of-property charge, and he was disciplined with one month's segregation and commissary restrictions. Dixon filed a grievance with the Illinois Department of Corrections, asserting that he was wrongly identified as the offender and that Tolley violated prison rules by submitting the disciplinary report without first filing an investigative incident report. Shortly after the filing of his grievance, Dixon alleges, Tolley retaliated by placing him in "predator status" (based on a "falsified claim" that he admitted to a prison guard having sneaked into a cell to have sex with another inmate), which triggered several more weeks of disciplinary segregation. Dixon filed another grievance denying the charge and asking to be removed from segregation. After the prison's administrative review board denied his request, he filed this lawsuit, alleging that Tolley's retaliatory actions violated his First Amendment right to file a grievance.

The district court screened Dixon's complaint under 28 U.S.C. § 1915A and, apparently interpreting it to challenge only the punishment resulting from the misuse-of-property charge, dismissed it under *Edwards v. Balisok*, 520 U.S. 641 (1997), and *Heck v. Humphrey*, 512 U.S. 477 (1994), on the ground that a judgment in his favor would effectively overturn the prison disciplinary board's finding. Because the court concluded that his suit was "legally frivolous," it also assessed him one strike under 28 U.S.C. § 1915(g).

On appeal Dixon argues that the district court erred because it "misconstrued the chronological statement of facts" and failed to acknowledge his retaliation claim. He insists that he seeks damages only for Tolley's decision to place him in "predator status" *after* he filed a grievance about her role in punishing him for sending the envelope.

We agree with Dixon that the district court misunderstood the punishment being challenged. The complaint alleges that Dixon's predator designation came after his punishment for misuse of property and was based on a different charge, sexual misconduct. His claim challenging that segregation is not barred by *Edwards* and *Heck*. These decisions may foreclose a civil-rights suit if a judgment in favor of the inmate necessarily would

imply that he was wrongly disciplined with a loss of good-time credits, *see Edwards*, 520 U.S. at 647–48; *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011), but the bar imposed by *Edwards* and *Heck* does not apply to an inmate who was punished only with segregation, *see Muhammad v. Close*, 540 U.S. 749, 751 (2004); *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006).

We therefore REVERSE the district court's judgment, including the assessment of a strike for filing a frivolous suit, and REMAND for further proceedings.